NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3291-15T4

PAMELA MACEK,

 Plaintiff-Respondent,

v.

HENRY PEISCH,

 Defendant-Appellant.
__________________________

 Argued October 18, 2017 – Decided November 6, 2017

 Before Judges Fuentes, Koblitz and Suter.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Bergen County,
 Docket No. FM-02-0896-10.

 Adrián E. Bermúdez argued the cause for
 appellant.

 Pamela Macek, respondent, argued the cause pro
 se.

PER CURIAM

 Defendant Henry Peisch appeals from a March 24, 2016 order,

which confirmed an earlier finding that he was not indigent and

incarcerated him for non-payment of spousal and child support. We

dismiss his appeal based on the legal doctrine of fugitive
disentitlement. A litigant may not obtain the protection of our

judicial system to appeal a non-indigency finding while avoiding

arrest on an outstanding child-support bench warrant. See Matison

v. Lisnyansky, 443 N.J. Super. 549, 550 (App. Div. 2016).

 Defendant was $101,010.85 in arrears when he came before the

court December 14, 2015 after an arrest for non-payment of support.

See Pasqua v. Council, 186 N.J. 127, 153 (2006) (holding that

parents arrested on warrants for nonsupport must be brought before

the court and, if indigent, afforded counsel prior to coercive

incarceration). Defendant's most recent support payment was $7

sixteen months before the hearing. The court reviewed a January

2015 probation interview of defendant regarding his financial

situation. See AOC Directive # 2-14 (describing the process to

be used by the court when a parent is arrested on a child-support

warrant). Defense counsel represented at oral argument before us

that defendant has sued all three lawyers appointed to represent

him at different child support enforcement hearings. We held

previously that appointed counsel's conflict in representing

defendant based on a malpractice lawsuit was not grounds to deny

defendant counsel, and that, should he be found indigent in the

future, counsel should again be provided by the court prior to

coercive incarceration. Macek v. Peisch, No. A-3721-14 (App. Div.

Sep. 15, 2016) (slip op. at 8-9).

 2 A-3291-15T4
 On this occasion, in December 2015, the court asked defendant

questions to supplement the outdated probation interview.

Defendant revealed that, although he had earned about $130,000 in

a prior year, and an annual salary of $110,000 had been imputed

to him at the time of his divorce, he was currently unemployed.

Defendant, who is right-handed, said his left wrist was injured

seven years before, but he is otherwise healthy. He is supported

by his eighty-two-year-old mother. He lives in her rented home,

for which she pays about $3800 per month in rent. She provides

for his needs, including a cellular phone. The court found he was

willfully unemployed and not indigent, and gave defendant an

opportunity for another ability-to-pay hearing after retaining

counsel. Another judge subsequently denied reconsideration of the

determination of non-indigency. It is from this March 2016 order

denying reconsideration that defendant appeals.

 After the court did not find defendant to be indigent, and

found him to be willfully unemployed, defendant was incarcerated

in the Bergen County work release program facility at the Bergen

County Jail. Due to his refusal to cooperate with the program,

he was later placed in general population at the jail. We were

informed at oral argument by defendant's appellate counsel, who

was not appointed by the court, that defendant was subsequently

released and another warrant was later issued for his arrest for

 3 A-3291-15T4
failure to pay support after his release. Defendant has not

surrendered to face this warrant. Because defendant is a fugitive,

we dismiss this appeal.

 Dismissed.

 4 A-3291-15T4